John A. Little v. Commissioner.
Little v. Commissioner
Docket No. 59186.
United States Tax Court
T.C. Memo 1957-204; 1957 Tax Ct. Memo LEXIS 40; 16 T.C.M. (CCH) 931; T.C.M. (RIA) 57204; October 31, 1957
*40 John A. Little, 8044 Hawthorne Street, Jacksonville, Fla., pro se. Robert O. Rogers, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in Federal income tax liability of petitioner and his wife for the year ended December 31, 1953, in the sum of $246.90. The petition filed herein consisted of an informal letter which did not adequately state the issues. There was attached to the respondent's answer a copy of the deficiency notice mailed to petitioner and his wife, but the statement attached to the deficiency notice merely explained the adjustments leading to the deficiency determined as being "based on adjustments and explanations as disclosed in the report of examination, a copy of which was forwarded to you on February 7, 1955." From statements made at the trial herein and uncontradicted statements appearing in respondent's brief, it appears that the deficiency arises by reason of respondent's disallowance of a loss claimed in the amount of $1,000 on account of "Damage to home and loss of contents by break in & theft; fire and theft loss of timber," and the disallowance of $50 of a deduction claimed in the *41 amount of $210 on account of the payment of gasoline taxes. Findings of Fact Petitioner and his wife filed a joint Federal income tax return for the year 1953 with the district director of internal revenue at Jacksonville, Florida. Petitioner is an instrument technician employed at the United States Naval Air Station at Jacksonville, Florida. In 1949 petitioner purchased some real property located in the Chaseville area of Duval County, Florida, and situated about 25 miles from the Naval Air Station. This property consisted of 12 acres and contained a small house in which petitioner and his wife lived part of the time. The property also contained a stand of pine timber. The purchase price of this property was $9,500. During 1953 some of the timber was damaged by forest fires, and some timber was stolen from the property. During the taxable year this house, owned by petitioner, was broken into on several occasions resulting in indeterminate damages to the house. On one occasion a barometer belonging to petitioner was stolen. This barometer was made by petitioner himself from materials he purchased at a cost of $125. The value of this barometer was $125. The petitioner estimated *42 that the damage to timber from theft and fire amounted to $650, and the damage to his house amounted to $225. Petitioner subsequently sold timber from the property for $500. Petitioner himself made repairs to his house without having estimates made on the cost of repairs. Of the deduction claimed on account of gasoline taxes paid, respondent disallowed $50 and allowed $160. The Florida state tax on gasoline was 7 cents a gallon. Petitioner sustained a deductible loss from theft in the taxable year in the amount of $125. Opinion KERN, Judge: Petitioner, who was not represented by counsel, made no effort to prove the difference in the value of his property before the timber fire (and theft) and its value thereafter, and therefore has not proved that respondent erred in disallowing this deduction. This failure of proof is demonstrated by the following quotation from the record herein: "Q. What would you say the value of that property was in 1953? "A. I don't care to say. "Q. Would you make any guess? "A. No. "Q. Was your value substantially reduced of the whole property between the time of the fire - couldn't you have gotten just as much for that property after the fire *43 as you could before the fire if you sold the whole property, not just the timber? "A. I don't know. I wouldn't know unless I made the sale. "Q. Do you have any idea how many trees were destroyed by this fire? "A. I can't tell you now, no." There is a similar failure of proof with regard to damages to the house. We think that the record does sustain petitioner with regard to a deduction on account of the theft of the barometer. Petitioner testified that the materials used in the construction of the barometer cost $125 or more, and he, being an instrument technician, testified that in his opinion the value of this barometer was $125. There is no testimony which would contradict this. In our opinion, petitioner has failed to prove error on the part of respondent in disallowing $50 of the deduction claimed on account of gasoline taxes paid. In order to sustain petitioner's burden of proof, it would have been necessary for him to prove that he had purchased more than 2,285 gallons of gasoline during the taxable year. This petitioner has failed to do. Decision will be entered under Rule 50.